%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Diana Kieffer and Robert Kieffer

(b)  County of Residence of First Listed Plaintiff  *Atlantic*

(c)  **Attorney's (Firm Name, Address, Telephone Number and Email Address)**

Donald M. Doherty, Jr./Wesley G. Hanna, Esquire, Friedman Doherty, LLC/125 North Rt. 73, West Berlin, NJ 08091
wgh@friedmandoherty.com    dmd@friedmandoherty.com
856-988-7777

## DEFENDANTS

New Century Financial Services, Inc., and Pressler and Pressler, LLP

County of Residence of First Listed Defendant  *Morris*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

unknown

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **PRISONER PETITIONS** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 510 Motions to Vacate Sentence | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | **Habeas Corpus:** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 530 General | | |
| | ☒ 440 Other Civil Rights | ☐ 535 Death Penalty | **IMMIGRATION** | |
| | | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |
| | | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | |
| | | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | |

(TORTS PERSONAL INJURY second column:)
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
FDCPA VIOLATIONS, 15 USC 1692

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1% net worth plus $50,000.
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S)

(See instructions):

JUDGE

DOCKET NUMBER

Explanation:

DATE  8-2-10

SIGNATURE OF ATTORNEY OF RECORD

**FRIEDMAN DOHERTY, LLC**
Donald M. Doherty, Jr., Esq.
(DD-0446)
Wesley G. Hanna, Esq.
(WH-9019)
125 North Route 73
West Berlin, New Jersey 08091
(856) 988-7777
Attorneys for Plaintiffs

## THE UNITED STATES DISTRICT COURT
## DISTRICT of NEW JERSEY
### (Camden)

| | | |
|---|---|---|
| DIANA KIEFFER and ROBERT KIEFFER, | : | |
| | : | |
| | : | |
| *Plaintiff,* | : | Civil Case Number: |
| v. | : | |
| | : | Complaint |
| NEW CENTURY FINANCIAL SERVICES, INC. | : | |
| and PRESSLER AND PRESSLER, LLP, | : | Class Action |
| | : | with Individual Claims |
| *Defendants.* | : | |

Plaintiff hereby complain against the Defendants as follows:

## PARTIES

1. Plaintiffs Diana Kieffer and Robert Kieffer are married individuals residing in Atlantic County, New Jersey

2. Defendant New Century Financial Services, Inc. ("New Century Financial") is corporation with a principal place of business in New Jersey. New Century Financial is in the business of purchasing debt, including but not limited to delinquent and charged off credit card accounts.

3. Defendant Pressler and Pressler, L.L.P. ("Pressler and Pressler") is a limited liability partnership with a principal place of business in New Jersey. Pressler and Pressler specializes in retail collections.

1

## JURISDICTION AND VENUE

4.    Jurisdiction is proper in the Federal District Court as the case is premised upon a federal question as defined under 28 U.S.C. 1331, to wit, application and interpretation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq.

5.    The grounds upon which this court has jurisdiction over Plaintiff's related state law claims is 28 U.S.C. § 1367. Each of these claims arise out the same acts and course of conduct as Plaintiffs' Fair Debt Collection Practices Act claims.

6.    Venue is proper in Camden because a substantial part of the events giving rise to Plaintiff's claims took place in the scope of the Camden vicinage.

## GENERAL BACKGROUND

7.    Plaintiffs Diana Kieffer and Robert Kieffer are married individuals that share two joint bank accounts at Ocean First Bank in Ocan County, New Jersey.

8.    Most of the money in the joint bank accounts was earned by, deposited by, and belongs to Robert Kieffer from his employment earnings. Any money contributed to the accounts by Diana Kieffer is social security payments, exempt from execution to satisfy debts.

9.    Diana Kieffer incurred credit card debts prior to marrying Robert Kieffer.

10.   New Century Financial purchased Mrs. Kieffer's debt.

11.   New century Financial retained Pressler and Pressler to sue Mrs. Kieffer on thier behalf

12.   On August 5, 2010, Defendants sent a letter instructing the Sheriff to levy on one of Kieffer's joint bank accounts.

13.   The Sheriff proceeded as instructed.

14.   Defendants did not ascertain that the account was a joint account prior to instructing the Sheriff to levy, nor did the Defendants instruct the Sheriff to levy only upon account to which Diane Kieffer was the sole account holder.

## CLASS ALLEGATIONS

### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692

15.   The above recitations are hereafter incorporated by reference.

16.  a.  Defendant New Century Financial is large purchaser of defaulted and/or delinquent consumer debt.

b.  Defendant Pressler and Pressler is a New Jersey law firm concentrating nearly exclusively in the field of consumer debt collection.

17.  Defendants have an established business practice to levy upon joint bank accounts.

18.  Defendants, as a matter of regular business practice, do not instruct levying authorities to limit levy attempts only to accounts where a debtor is the sole authorized signatory on an account.

19.  The natural consequence and foreseeable consequence of Defendants' practices is the levying of jointly held accounts and, by extension, funds that are owned by somebody other than the party that owes the debt.

20.  Defendants practices of levying on joint bank accounts causes unnecessary and undue expense for, and harassment, oppression, or abuse of, the non-debtor account holders.

21.  Defendants practices needlessly increase tension, acrimony and hostility between the debtor and non-debtor account holders and result in harassment, oppression abuse of the debtors.

22.  In not limiting the instructions provided to levying authorities and/or by levying on joint bank accounts, Defendant use false, deceptive, or misleading representations or means in connection with the collection of debt and/or engage in unfair or unconscionable means to collect or attempt to collect any debt.

23.  The proposed class(es) consists of all natural persons from whom Defendants sought to collect a consumer debt by way of a levy upon a joint bank account within the past twelve months

24.  Members of the prospective class(es) are so numerous that joinder of all class members is impractical.  Plaintiff's good faith belief is that there are at least several hundred class members based upon the size and scope of the Defendants' activities in the field of consumer debt collection.  The exact number and identities of the class members are currently unknown and can be ascertained from the books/records of the Defendants and/or appropriate discovery.

25.  Common questions of law and fact exist as to all members of the class that predominate over any questions affecting any individual class members of the class.

26.   Common questions of fact include, but may not be limited to:

    a. The number of joint bank accounts levied upon the Defendants;

    b. Defendants' business practices regarding bank account levies.

27.   Common questions of law include, but are not limited to, the propriety of issuing a levy against a joint bank account in light of the burdens imposed by the Fair Debt Collection Practices Act and/or other laws and legal precepts.

28.   Plaintiffs' claims are typical of the claims of the class(es) as they were the subject of a levy upon bank account jointly held by both a debtor and a non-debtor.

29.   Plaintiffs have the same interest as all other members of the class(es) - ensuring Defendants comply with all laws affecting the collection of consumer debts.

30.   Plaintiffs will fairly and adequately represent and protect the interest of the class(es). Plaintiffs are persons against whom the Defendants directed a levying authority to levy upon a joint bank account held by a debtor and a non-debtor

31.   Plaintiffs have retained counsel with experience in class action litigation, as well as other complex litigation. The interests of the Plaintiffs are coincident to, and not antagonistic to, the interest of other members of the class(es).

32.   The questions of law and fact common to members of the class predominant over any questions affecting individual class members and class litigation is the superior method to adjudicate the common questions. The prosecution of separate actions by individual members of the class would result in duplicitous litigation over the same issues and possibly create a risk of inconsistent or varying adjudications that could result in establishing inconsistent standards of conduct, policies and/or procedures for the Defendants. The Defendants hold policies and/or acts in ways that affect all class members identically.

33.   The class action mechanism is superior to other available methods for the fair and efficient adjudication of this controversy.

34.   Neither Plaintiffs, nor their counsel, will have difficulty managing their respective roles in prosecuting this action as a class action.

*Wherefore*, Plaintiffs request judgment as follows:

    a.   Certifying this matter as a class action, with multiple classes, or sub-classes, as may be appropriate;

    b.   Awarding such sums as appropriate under *15 U.S.C. 1692k*;

c.      Awarding counsel fees and costs of suit;

d.      Awarding pre-judgment interest;

e.      Awarding other such relief as the Court may deem fair and equitable.

## **Individual Claims**

1.   The above allegations are hereafter incorporated by reference.

2.   Plaintiffs were the subject of a joint bank account levy initiated by the Defendants.

3.   Only Diane Kieffer was a debtor obligated, obligated to respond to, the Defendants.

4.   Mrs. Kieffer informed Defendants that the levied account was a joint account held with her husband and that the funds exclusively belonged to Robert Kieffer.

5.   Defendants refused to release Mr. Kieffer's funds.

6.   Under the duress of her husband's money being levied, Mrs. Kieffer frantically tried to enter an arrangement that would result in the levy being lifted.

7.   Ms. Kieffer and Defendants reached an agreement pursuant to which Ms. Kieffer agreed to a monthly payment schedule and Defendants agreed to release Robert Kieffer's money.

8.   Despite their agreement, Defendants refused to release Robert Kieffer's money.

9.   Mr. and Mrs. Kieffer attempted to object to the levy by calling the Sheriff.  Noting that judgments are docketed in Trenton regardless of where the merits of a given action are decided, Sheriff employees advised Mr. and Mrs. Kieffer to file a formal objection in the Mercer County Superior Court.

10.   The Kieffer filed correspondence to the Mercer County Superior Court, as instructed.

11.   The correspondence made plain that the reason Mr. and Mrs. Kieffer were objecting to the levy because the levied funds were solely Mr. Kieffer's property.

12.   Defendants were attached to the correspondence.

13.   Defendants persisted in maintaining a levy upon Mr. Kieffer's funds.

14.   The Mercer County Superior Court forwarded Mr. and Mrs. Kieffer's objection to the Ocean County Superior Court for a hearing.

15.   Despite being placed on notice of the basis of Mr. and Mrs. Kieffer's objections and well aware that they had abstracted an agreement from Mrs. Kieffer to pay the debt and still failed to release the levy, the Defendants persisted to not only maintain the levy, but demand a hearing even though they possessed no articulable reason or a shred of proof that objection was not truthful and the levy was not valid.

16.   At the objection hearing, the Court lifted the levy on the joint bank account upon a finding that all of the money in the account belonged to Mr. Kieffer.  Defendants offered no proof or even argument.  The sole purpose of the hearing was the Defendants to harass and cause disruption in the lives of the Kieffers.

17.   Mr. and Mrs. Kieffer missed payments and incurred fees and surcharges as a result of Defendants' conduct.

18.   Mr. and Mrs. Kieffer experienced severe emotional distress as a result of Defendants' conduct and lived in fear of losing their home because they were rendered unable to pay their mortgage or other bills.

19.   Mr. Kieffer was forced to withdraw funds from and/or borrow against a retirement fund, incurring fees and penalties in the process, as a result of Defendants' conduct

## Count I

## Fair Debt Collection Practices Act

20.   The above allegations are incorporated as if fully set forth hereafter.

21.   Defendants are debt collectors for the purposes of the Fair Debt Collection Practices Act.

22.   The natural consequence of Defendants' instructions to the Sheriff was to levy a jointly held bank account that includes funds owned by somebody other than the debtor.

23.   The natural consequence of levying Mr. Kieffer's funds to satisfy a debt owed by Mrs. Kieffer was to put extreme and abusive pressure on both Mrs. Kieffer and Mr. Kieffer through the creation of tension in their marital relationship.

24.   Defendants also engaged in oppressive, abusive, unfair, and unconscionable practices by refusing to lift the levy once they became aware that the bank account was jointly held and contained funds owned by Mr. Kieffer.

25.   Defendants also engaged in oppressive, abusive, unfair, and unconscionable practices by refusing to lift the levy after reaching an agreement with Mrs. Kieffer.

26.   Mr. and Mrs. Kieffer were damaged as a result of Defendants' conduct

*Wherefore*, Plaintiffs request judgment as follows:

    a.   Awarding such sums as appropriate under *15 U.S.C. 1692k*;
    b.   Awarding counsel fees and costs of suit;
    c.   Awarding pre-judgment interest;
    d.   Awarding other such relief as the Court may deem fair and equitable.

## Count II
## Trover/Conversion/Trespass to Chattels

27.   The above allegations are incorporated as if fully set forth hereafter.

28.   Defendants' request for a levy on Mr. Keiffer's bank account was a willful act that deprived Mr. Kieffer of his right to access, possess, and use his money.

29.   Mr. Kieffer made a reasonable demand for the surrender of his property.

30.   Defendants refused to lift the levy on Mr. Kieffer's property notwithstanding Mr. Kieffer's demand.

31.   Defendants exercised dominion and control over Mr. Kieffer's property.

32.   Mr. Kieffer was damaged as a result of Defendants' conduct.

*Wherefore*, Plaintiff seeks relief as follows:

    a.   Awarding actual, consequential, nominal, and punitive damages
    b.   Awarding counsel fees and costs of suit;
    c.   Awarding pre-judgment interest;
    d.   Awarding other such relief as the Court may deem fair and equitable.

## Count III
## Negligent/Intentional Infliction of Emotional Distress

33.   The above allegations are incorporated as if fully set forth hereafter.

34.   In levying the joint account, continuing the levy after reaching an agreement for payment and continuing the levy to point of a hearing without any proof or argument to contradict the assertion that the money in the account belonged to Mr. Kieffer, Defendants actions

against the Plaintiffs were intentional, reckless and or negligent.

35.   The conduct directed at the Plaintiffs by the Defendants was extreme beyond any reasonable behavior and not within the bounds of what is expected in a civilized society.

36.   Plaintiffs suffered severe emotional distress resulting in sleepless, depression, feelings of helplessness and loss and required physician treatment.

37.   Defendants actions were the proximate casue fo the emotional distress suffered by the Plaintiff.

*Wherefore*, Plaintiff seeks relief as follows:

a.   Awarding actual, consequential, nominal, and punitive damages
b.   Awarding counsel fees and costs of suit;
c.   Awarding pre-judgment interest;
d.   Awarding other such relief as the Court may deem fair and equitable.

/s/Donald M. Doherty, Jr.
Donald M. Doherty, Jr., Esq.
(DD-0446)

/s/Wesley G. Hanna
Wesley G. Hanna, Esq.
(WH-9019)

8

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| | |
|---|---|
| Diana Kieffer and Robert Kieffer | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. |
| New Century Financial Services, Inc., | ) |
| and Pressler and Pressler, LLP | ) |
| _____ | ) |
| *Defendant* | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Pressler and Pressler, LLP
                                  c/o Registered Agent Sheldon H. Pressler, Esquire
                                  16 Wing Drive
                                  Cedar Knolls, NJ  07927

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Friedman Doherty, LLC, 125 North Route 73, West Berlin, New Jersey 08091.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                  _____
                                                      *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____                          _____
                                                       *Server's signature*

                                               _____
                                                       *Printed name and title*

                                               _____
                                                       *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| | |
|---|---|
| Diana Kieffer and Robert Kieffer | ) |
| | ) |
| *Plaintiff* | ) |
| v. | ) |
| New Century Financial Services, Inc., | ) |
| and Pressler and Pressler, LLP | ) |
| *Defendant* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   New Century Financial Services, Inc.
c/o Registered Agent Eric F. Sombers
110 South Jefferson Road, Suite 104
Whippany, NJ 07981

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Friedman Doherty, LLC, 125 North Route 73, West Berlin, New Jersey 08091.

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                          *Server's signature*

                                                         _____
                                                          *Printed name and title*

                                                         _____
                                                          *Server's address*

Additional information regarding attempted service, etc: