<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DIANA KIEFFER and ROBERT KIEFFER, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | **Civil Action No. 10-03938 (SRC)** |
| v. | : | |
| | : | **OPINION** |
| NEW CENTURY FINANCIAL SERVICES, | : | |
| INC. and PRESSLER & PRESSLER, LLP, | : | |
| | : | |
| Defendants. | : | |
| | : | |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court upon Defendants New Century Financial Services, Inc.'s ("NCFS") and Pressler & Pressler, LLP's (collectively "Defendants") motion to dismiss Plaintiffs Diana and Robert Kieffer's (collectively "Plaintiffs") Amended Complaint [docket entry 17] pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have opposed the motion. The Court has considered the papers filed by the parties and rules on the written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Defendants' motion to dismiss will be granted in part and denied in part.

## I.   BACKGROUND

Plaintiffs are married individuals that share two joint bank accounts at Ocean First Bank (the "Bank) in Ocean County, New Jersey. Prior to marrying Robert Kieffer, Diana Kieffer

("Plaintiff-Debtor") incurred credit card debts which Defendant NCFS purchased, and later

retained Defendant Pressler & Pressler, LLP to collect.  As part of their collection efforts,

Defendants located and levied bank accounts in Plaintiff-Debtor's name at the Bank, including

the entirety of two bank accounts Plaintiff-Debtor held jointly with Mr. Kieffer.

In the instant matter, Plaintiffs claim that Defendants violated the Fair Debt Collection

Practices Act ("FDCPA") when they caused levies to be placed on the entirety of Plaintiffs' joint

bank accounts when only one of the account holders was a judgment debtor.  Furthermore,

Plaintiffs assert that the levies placed on Mr. Kieffer's money, the money of an innocent third

party, amounted to trespass to chattels or conversion and caused them either negligent or

intentional emotional distress.

## II.   LEGAL ANALYSIS

### A.     Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only

if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light

most favorable to the plaintiff, a court finds that plaintiff's claims have facial plausibility.  *Bell

Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).  This means that the Complaint must

contain sufficient factual allegations to raise a right to relief above the speculative level,

assuming the factual allegations are true. *Id.* at 1965; *Phillips v. County of Allegheny*, 515 F.3d

224, 234 (3d Cir. 2008).  The Supreme Court has made clear that "a formulaic recitation of the

elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65; *see also Ashcroft v.

Iqbal*, 129 S.Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a

complaint, they must be supported by factual allegations.").

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. *See Pension Benefit Guar. Corp.*, 998 F.2d at 1196. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1420 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**B.    Discussion**

1.    <u>Violation of the Fair Debt Collection Practices Act</u>

Plaintiffs allege that Defendants violated 15 U.S.C.S. §§ 1692d, 1692e, and 1692f of the Fair Debt Collection Practices Act by "blindly levying upon a jointly owned bank account that contained money owned by an innocent third party." (Pls.' Opp'n Br. 4.)   Under New Jersey law,

> Unless a contrary intent is manifested by the terms of the contract, or the deposit agreement, or there is other clear and convincing evidence of a different intent at the time the account is created:
>
> > a. A joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on deposit. In the absence of proof of net contributions, the account belongs in equal shares to all parties having present right of withdrawal.

N.J.S.A. § 17:16I-4. Generally, in "equal share" jurisdictions, a rebuttable presumption is in effect so that the debtor is presumed, absent proof to the contrary, to own one-half of the joint account. *See, e.g., Musker v. Gil Haskins Auto Leasing, Inc.*, 500 P.2d 635, 638 (Ariz. Ct. App.

3

1972) ("absent evidence establishing sole ownership of a joint bank account by one party, only the one-half interest of the debtor depositor is subject to garnishment by a creditor"); *Lewis v. Wilma Carr House*, 232 Va. 28, 31 (Va. 1986) (recognizing a rebuttable presumption that each spouse owns one-half the joint deposit and that it is the burden of the creditor to rebut the presumption by producing clear and convincing evidence that his debtor owns more than one-half the deposit); *Danielson v. Lazoski*, 209 Mich. App. 623, 625 (Mich. Ct. App. 1995) (because holders of joint bank accounts are presumed to be equal contributors and equal owners, the garnishment order regarding plaintiff's assets was held to only apply to his half of the certificate of deposit funds); *Johnson v. Kilpatrick*, 233 A.D.2d 205, 206 (N.Y. App. Div. 1996) ("from the moment of creation of a joint account, a present unconditional property interest in an undivided one half of the moneys deposited devolves upon each tenant").

Because N.J.S.A. 17:16I-4 mandates that joint account holders are entitled to a presumption of half ownership, Plaintiffs allege that Defendants acted unlawfully when they levied 100% of Plaintiffs' joint accounts absent proof of net contributions.  According to Plaintiffs, Defendants garnished the entirety of their joint accounts, which consisted almost entirely of Mr. Kieffer's innocent funds, in violation of New Jersey law in order to pressure Plaintiff-Debtor to satisfy her debts.  Plaintiffs' averment that this amounted to unfair, unconscionable, abusive, and oppressive collection practices in violation of the FDCPA are, at this point in the proceedings, sufficient to set forth a viable claim under *Twombly*.

In their opposition brief, Defendants, citing to a certification submitted by Mitchell L. Williamson, assert that, even if a creditor is only entitled to levy half of the amount in a joint account under New Jersey law, Defendants were unaware that Plaintiffs' accounts were jointly

4

held and therefore were not acting in an abusive or unconscionable way.  According to

Defendants, Ocean First Bank never informed them that the levied accounts bearing Plaintiff-

Debtor's name were jointly held.  Furthermore, Defendants contend that Plaintiff-Debtor not only

failed to disclose this information in an Information Subpoena, but that she never raised the issue

when notified that the accounts were levied nor in any subsequent communication with

Defendants.  However, Defendants' contentions regarding knowledge of the accounts' joint

status are matters which are outside of the Amended Complaint and this Court cannot consider

materials extrinsic to the pleadings on a Rule 12(b)(6) motion; were it to do so, it must convert

the motion to a summary judgment motion and this Court declines to do so where, as in this case,

there has been no discovery.

2.    <u>Intentional Infliction of Emotional Distress</u>

In Count Three of the Amended Complaint[1], Plaintiffs assert a claim for intentional

infliction of emotional distress.[2]  The New Jersey Supreme Court has recognized a claim for

intentional infliction of emotional distress.  *Buckley v. Trenton Saving Fund. Soc.*, 111 N.J. 355,

365-66 (1988).   To establish this claim, a plaintiff must prove that a defendant acted in an

intentional and outrageous way.  *Id.* at 366.  In the context of the instant screening, a claim upon

---

[1]  Count Two of the Amended Complaint, which states a claim for conversion and trespass to chattels, was not challenged by Defendants in their motion to dismiss and the Court, therefore, makes no ruling on the claim.

[2]  In Count Three of the Amended Complaint, Plaintiffs contend that Defendants either negligently or intentionally inflicted them with emotional distress.  While Defendants move to dismiss the entire Count, their brief fails to cite to any case law or authority governing whether negligent infliction of emotional distress can possibly lie under these circumstances.  Therefore, the motion to dismiss the negligent infliction of emotional distress claim is denied without prejudice.

which relief could be granted would require, at a minimum, factual allegations demonstrating that Defendants engaged in conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."   *Id.*   Our courts have found this "elevated threshold" to be satisfied only in extreme cases.  *See, e.g., Prospect St. Tenants Ass'n v. Sheva Gardens, Inc.*, 547 A.2d 1134, (N.J. Super. Ct. App. Div. 1988) (holding conduct was sufficiently outrageous when a landlord failed to provide central heating, running water and reasonable security in a rent controlled building in an effort to induce the tenants to vacate); *Hume v. Bayer*, 428 A.2d 966 (N.J. Super. Ct. App. Div. 1981) (ruling that a doctor allegedly telling a child's parents that he was "suffering from a rare disease which may be cancerous knowing that the child has nothing more than a mildly infected appendix" is conduct sufficiently outrageous to support a claim for intentional infliction of emotional distress).  The Complaint alleges no facts even remotely resembling outrageous and atrocious conduct by Defendants.   The Court therefore finds that the Complaint fails to state a cognizable claim for intentional infliction of emotional distress.

## III.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is granted in part and denied in part.  An appropriate form of order will be filed together with this Opinion.

 s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: May 19, 2011